Date signed August 27, 2013



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (at Baltimore)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| DERRICK V. FOSTER, | * | Case No. 11-34351-DER |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |
| * * * * * | * | |
| | * | |
| THOMAS P. FASSER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Adversary Pro. No. 12-00199 |
| | * | |
| DERRICK V. FOSTER, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### <u>MEMORANDUM OPINION</u>

A trial on the merits of the Complaint (the "Complaint") filed by Thomas P. Fasser ("Fasser") was held on March 28, 2013. In the Complaint, Fasser asks this court to determine that the amounts owed to him by the debtor, Derrick V. Foster ("Foster"), under a judgment entered by the Circuit Court for Fairfax County, Virginia (the "Circuit Court") are non-dischargeable under § 523(a)(2)(A) of title 11 of the United States Code (the "Bankruptcy

Code") by reason of misrepresentation or fraud. At the trial, Fasser called witnesses to testify and offered various exhibits that were introduced into evidence. Foster represented himself at trial and presented no evidence in opposition to the Complaint. Following the trial, I held this matter under advisement and requested post-trial memoranda from the parties. Fasser filed his Post-Trial Memorandum on April 22, 2013 [Docket No. 68]. Foster filed his Post-Trial Memorandum on May 14, 2013 [Docket No. 69].

## Jurisdiction

The court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Rule 402 of the Local Rules of the United States District Court for the District of Maryland. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I). This memorandum opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rule 7052 of the Federal Rules of Bankruptcy Procedure).

## Findings of Fact

Foster did not testify and presented no evidence at trial. Thus, the evidence introduced at trial by Fasser was not refuted. The witnesses who testified were credible. I find the following facts based upon the preponderance of the evidence presented at trial.

Fasser entered into a contract with The Construction Group, Inc. ("CGI") pursuant to which CGI agreed to make certain renovations including a second floor addition to Fasser's residence at 7403 Storm Court, Falls Church, Virginia (the "Residence"). Foster signed the contract on behalf of CGI as "Project Manager." Foster was the individual who acted on CGI's behalf in connection with the contract and the renovation work performed by CGI on the

Residence.  Taking into account subsequent change orders, the agreed contract price for the renovations to the Residence was $249,700.00, exclusive of contingencies.

The renovation work was unsatisfactory in many respects.  As a result, Fasser terminated the contract with CGI and Foster, and contracted with Capitol Hill Construction, LLC ("Capitol") to complete the renovations to the Residence.  At the time Fasser engaged Capitol, the renovation work was not only incomplete, the Residence was also in shambles and uninhabitable.  That dire situation largely resulted from (i) Foster's lack of competence to complete the job in accordance with his contract, and (ii) extensive water damage to the Residence that was the product of a failure by Foster to complete the roof and to properly cover the roof with a tarp during construction.  By the time he terminated the contract, Fasser had advanced Foster a total of $266,700.00.

After Capitol completed the renovations and repaired the damage done by CGI, Fasser sued CGI and Foster in the Circuit Court for breach of contract and violation of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-196 et seq.  The Virginia Consumer Protection Act prohibits a supplier of goods or services in a consumer transaction from using "deception, fraud, false pretense, false promise or misrepresentation in connection with a consumer transaction."  Va. Code Ann. § 59.1-204(A).  When a trial court finds the violation of the Virginia Consumer Protection Act to be willful, the court may "increase the damages to an amount not exceeding three times the actual damages sustained."  Id.  In addition, the trial court may award reasonable attorney's fees to the person suffering a loss by reason of violation of the Virginia Consumer Protection Act.  Va. Code Ann. § 59.1-204(B).

Although Foster did not timely respond to the Complaint filed by Fasser in the Circuit Court, Foster appeared at, testified, and actively participated in the hearing held before Judge

Dennis J. Smith on the damages to be awarded to Fasser.  Following that hearing, the Circuit

Court entered judgment against Foster and CGI, jointly and severally, for (i) $283,793.50 in

compensatory damages, (ii) $125,000.00 in additional damages pursuant to § 59.1-204(A) of the

Virginia Consumer Protection Act, and (iii) $33,961.00 in attorney's fees and costs pursuant to

§ 59.1-204(B) of the Virginia Consumer Protection Act [Plaintiff's Exhibit 40].    The

compensatory damages were calculated based upon the actual cost incurred by Fasser and paid to

Capitol to complete the renovation work in accordance with the terms of Fasser's contract with

Foster and CGI.

In making his ruling after consideration of the evidence presented in the Circuit Court,

Judge Smith stated:

> "I find in favor of [Fasser] for the full amount requested.  I think it
> is appropriate.  I think the Attorneys' Fees are reasonable at $33,615 for a
> case of this size and with expert witnesses involved and you need to get
> people to review all of the evidence and prepare for this case.

> "I also find [Foster] violated the Virginia Consumer Protection Act
> regarding misrepresentations, regarding the permits that were obtained in
> order to get the draws and the work that was done in order to get draws,
> and also by violating [Va. Code Ann. §] 54-1115 by not having a
> contractor's license and I do believe [Foster had] never represented to
> [Fasser] that [Foster] did not have a contractor's license.  I find [Fasser's]
> testimony credible in that regard.  The papers that [Fasser] did sign were
> signed in September 2009, well after the contract was entered into.  I just
> don't find that to be relevant.  I also believe [Fasser's] testimony.

> "The question is what should be the sanction under the treble
> damages portion of it and I am not going to treble the damages.  I don't
> think that is appropriate in this case, but I do think $125,000 additional
> amount on the damages is appropriate."

[Plaintiff's Exhibit 42, pp. 117-18].

The evidence presented before Judge Smith in the Circuit Court and at trial before this

court amply demonstrates that the contract was breached, that the amount of damages awarded

against Foster were appropriate, that Foster made misrepresentations to Fasser in connection with the contract, that Foster knew those representations were false, and that Fasser justifiably relied upon Foster's misrepresentations.

Based upon the evidence presented at trial in this court, the proximate cause of the compensatory damages awarded against Foster with respect to the garage, the driveway, and the sidewalk was not fraud or misrepresentation – it was simply Foster's failure to complete work. In other words, the proximate cause of those damages was nothing more than ordinary breach of contract.   The evidence did show, however, that the proximate cause of the remaining compensatory and other damages was the result of fraud or misrepresentation.  Foster was not licensed in Virginia and proved incompetent to complete the second story addition and other renovations to the Residence as agreed.  Foster also misrepresented permits that were or would be obtained in order to receive draws on the contract.  The extent of Foster's incompetence and misrepresentation (as well as the extent of the damage to the Residence) is manifest by the fact that the cost incurred by Fasser to repair and complete Foster's renovation work exceeded the amount of the original contract.

As evidenced by the exhibits admitted at trial, the Circuit Court awarded compensatory damages of $6,365.50 for the garage [Plaintiff's Exhibit 11, p. 5 at lines 167-177], $6,000.00 for the driveway [Plaintiff's Exhibit 11, p. 5 at line 164], and $12,800.00 for the sidewalk [Plaintiff's Exhibit 11, p. 1 at line 14, p. 5 at line 165] – items which taken together total $25,165.50.  Thus, fraud or misrepresentation was the proximate cause of (i) $258,628.00 of the compensatory damages awarded to Fasser by the Circuit Court (that is, $283,793.50 minus $25,165.50), (ii) $125,000.00 in other damages, and (iii) $33,961.00 in attorney's fees and costs awarded to Fasser by the Circuit Court under the Virginia Consumer Protection Act.

**Conclusions of Law**

Fasser filed this adversary proceeding on March 21, 2012.  This court granted Foster a discharge pursuant to § 727 of the Bankruptcy Code on May 25, 2012 [Main Case Docket No. 35].  Fasser's Complaint asks this court to determine that the judgment entered against Foster by the Circuit Court is excepted in its entirety from discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code.  Section 523 provides in relevant part as follows:

> (a)  A discharge under section 727 … of this title does not discharge an individual debtor from any debt … (2)  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by … (A)  false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. §523(a)(2)(A).

The exceptions to discharge provided for in § 523 of the Bankruptcy Code are to be construed narrowly "to protect the purpose of providing debtors a fresh start."  Foley & Lardner v. Biondo (In re Biondo), 180 F.3d 126, 130 (4th Cir. 1999).  Conversely, this court must be "equally concerned with ensuring that perpetrators of fraud are not allowed to hide behind the skirts of the Bankruptcy Code."  Id.  As the Supreme Court has indicated, while the Bankruptcy Code provides a debtor with "'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt,'" the Bankruptcy Code also "limits that opportunity to the 'honest but unfortunate debtor.'"  Brown v. Felsen, 442 U.S. 127, 128 (1979) (quoting Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934)).

The burden of proof is on the creditor to establish by a preponderance of the evidence that a debt is not dischargeable.  Kubota Tractor Corp. v. Strack (In re Strack), 524 F.3d 493, 497 (4th Cir. 1991) (citing Grogan v. Garner, 498 U.S. 279, 291 (1991));  Colombo Bank v. Sharp, 477 B.R. 613 (D. Md. 2008).  As the Fourth Circuit has explained, a creditor asserting a claim

under § 523(a)(2)(A) must prove five elements by a preponderance of the evidence – namely, "(1) false representation, (2) knowledge that the representation was false, (3) intent to deceive, (4) justifiable reliance on the representation, and (5) proximate cause of damages." Nunnery v. Rountree (In re Rountree), 478 F.3d 215, 218 (4th Cir. 2007).

When (as here) a creditor has reduced its claim to judgment in a state court prior to bankruptcy, the parties are bound by collateral estoppel as to matters previously litigated but the creditor is not precluded by res judicata from introducing additional evidence necessary to determine whether it is non-dischargeable under § 523(a)(2)(A). Brown v. Felson, 442 U.S. at 138-139. On October 18, 2012, I held a hearing on Fasser's Motion for Summary Judgment [Docket No. 12]. At the conclusion of the hearing, I held that although the doctrines of collateral estoppel and/or res judicata barred litigation of those issues by Foster for a second time in this court, the extent to which the damages awarded by the Circuit Court were proximately caused by false representations could not be determined from either the judgment entered by the Circuit Court or the transcript of the hearing held by Judge Smith, and that an evidentiary trial was needed to determine these issues.[1]

As Chief Judge Chasanow explained in her opinion in Colombo Bank v. Sharp,

> Proximate cause is both (1) causation in fact, "loss suffered by one who justifiably relies upon the trust of the matter misrepresented, if his reliance is a substantial factor in determining the course of conduct that results in his loss;" and (2) legal causation, "if the loss might reasonably be expected to occur from the reliance."

477 B.R. at 622 (quoting In re Bowden, 326 B.R. 62, 89 (Bankr. E.D. Va. 2005)). In this case, the transcript of the hearing before Judge Smith in the Circuit Court and Fasser's testimony in

---

[1] Fasser filed a Motion to Reconsider [Docket No. 31] the Order Denying Motion for Summary Judgment [Docket No. 27], which was denied on November 21, 2012 [Docket No. 34].

this court demonstrate that Foster made numerous misrepresentations, including his skill, experience and qualifications to complete renovations such as those to the Residence contemplated by the contract he made with Fasser. Foster (at the very least) failed to disclose to Fasser that he was not a licensed contractor in Virginia. Fasser's testimony was credible that he would not have engaged Foster to do the work if Foster had disclosed that he was not licensed in Virginia. Foster was not licensed, was not qualified to undertake the renovation work, and left the Residence in shambles. Such circumstances are entirely consistent with the definition of proximate cause set out by Chief Judge Chasanow in Columbo Bank v. Sharp. Therefore, the compensatory damages awarded against Foster by the Circuit Court (with the exception of those related to the garage, driveway, and sidewalk) are nondischargeable.

It is well settled that § 523(a)(2)(A) bars discharge not merely of claims for money obtained by fraud or misrepresentation, but also of all claims arising from the money so obtained. As the Supreme Court has held, § 523(a)(2)(A) "encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." Cohen v. de la Cruz, 523 U.S. 213, 223 (1998). See also, Rountree, 478 F.3d at 220 ("[The Supreme Court] has determined that subsection (a)(2)(A) provides an exception to the discharge of punitive damages when those punitive damages arise from a debt obtained through fraud."). Thus, the additional damages and attorney's fees and costs awarded against Foster by the Circuit Court under the Virginia Consumer Protection Act are also nondischargeable.

## Conclusion

The actual damages proximately caused by Foster's misrepresentations ($258,628.00), the additional damages for willful violation of the Virginia Consumer Protection ($125,000.00),

~ 8 ~

and the award of attorney's fees and costs ($33,961.00) are excepted pursuant to § 523(a)(2)(A) of the Bankruptcy Code from the effect of the discharge granted to Foster by this court. Accordingly, a separate order will be entered consistent with this memorandum opinion determining that the judgment obtained by Fasser against Foster in the Circuit Court is not dischargeable to such extent.

cc:     Joel L. Dahnke, Esq.
        Derrick V. Foster
        Mark A. Neal, Ass't U.S. Trustee
        Richard M. Kremen, Chapter 7 trustee

**-- END OF MEMORANDUM OPINION --**